[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this appeal pursuant to General Statute 13a-76. He claims that the assessment of damages for the taking of his land is inadequate.
The plaintiff is the owner of the land containing 0.574 acres with about 125 feet of frontage located on the east side of Buckland Road in the Town of South Windsor.
The land is improved with a one-story office building which had been converted from a residence. It is zoned for residential uses, but is permitted to be used as offices by virtue of a zoning variance granted in 1979. In addition to this the land area is insufficient under the zoning ordinance. However, because the use of the site as business offices is permitted by the granting of the variance, the property is considered to be a legally conforming use.
The taking from this property consists of a strip of land located along the Buckland Road frontage. It is about 9 feet deep along the northerly property line, widening gradually in a southerly direction and is about 14 feet along the southerly property line. The lot contained about 250,000 square feet to begin with and is now after the CT Page 11091 taking 23,563 square feet, or a loss of about 1437 square feet. Also taken is a right to reconstruct the existing drive way on Buckland Road and a right to alter the existing grade east of the taken area. This latter involves a very small amount of land. Also taken are a sign, a tree, and a small area of asphalt paving.
The date of taking is December 29, 1992.
As to the effects of the taking, it was pointed out that the property was, as of the date of taking non-conforming and after that date, had become more non-conforming. Also, that in the event of a total fire loss for example the right to rebuild would require a Special Exception. Although these negative results would not be likely to occur, they would nevertheless give pause to a potential buyer to a minor degree.
The plaintiff's appraiser has found the damages to be $50,000.00; the defendant's appraiser sets the damages at $8,200.00.
Considering the effect of the taking on the subject property, the testimony of the appraisers, the applicable law, and my inspection of the premises, I assess the damages to be $30,000.00. It is noted that the plaintiff has already withdrawn the sum of $6800.00.
The plaintiff may also recover $1000.00 as an appraiser's fee.
John M. Alexander State Judge Referee